UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RODRIGUEZ BERNAL,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | No. 2:16-cv-2511 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has also applied to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to proceed in forma pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

"The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). While conducting this review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

An action is "frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). This means that frivolousness, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation. <u>Id.</u> "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). There must be enough facts "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." <u>Id.</u> (footnote and internal citations omitted). When considering this, "a judge must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Twombly</u>, 550 U.S. at 555-56), and construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

////

1   III.   Complaint

The complaint alleges that defendants Weeks and Arana violated plaintiff's constitutional rights by conspiring to retaliate against him and actually retaliating by searching his cell, seizing property and paperwork, and writing him up on fictitious grounds. ECF No. 1 at 7. Plaintiff further alleges that defendant Beard is liable for his inaction under a supervisory liability theory because he failed to respond to multiple staff complaints, making the retaliation possible. Id. at 6.

IV.   Failure to State a Claim

A. Property Claim

Neither negligent nor unauthorized, intentional deprivations of property violate the Due Process Clause so long as meaningful state post-deprivation remedies for loss are available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). However, if regulations exist for state officials' conduct and they "act under the apparent authority of those directives," then the existence of post-deprivation remedies does not foreclose the possibility of a due process violation. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). The considerations that allow a post-deprivation remedy to cure a negligent deprivation or an unauthorized and intentional deprivation do not apply when there is "deliberate, considered, planned, or prescribed conduct by state officials, whether or not such conduct is [actually] authorized." Id. In other words, to state a claim plaintiff must assert that: (1) defendants' actions were authorized, or appeared to be authorized, under procedure, regulation, or other directives; and (2) their conduct was "deliberate, considered, planned, or prescribed." Id.

In this case, plaintiff asserts that at the direction of defendant Weeks, Arana seized property and paperwork under false charges and then lost the seized items. ECF No. 1 at 7; 28-29. Because California provides an adequate post-deprivation remedy, in order to state a cognizable claim of property loss, plaintiff must assert that defendants' conduct fell under the exception delineated in Piatt. 773 F.2d at 1036. Because plaintiff has failed to allege facts that show the loss of his property was authorized and deliberate, his property claims are not

3

cognizable and must be dismissed.

B. Supervisory Liability

"There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). However, a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates. Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others," Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," Dubner v. City & County of San Francisco, 266 F.3d 959, 968 (9th Cir. 2001) (citations omitted).

Here, plaintiff's claim against defendant Beard fails. Plaintiff asserts that Beard did not respond to multiple staff complaints, which made the retaliation possible. ECF No. 1 at 6. However, there is no indication that Beard ever saw the grievances, and even if he did, since the grievances identified in the complaint were either claims of past harassment or retaliation after the fact, they did not provide an opportunity to intervene. Id. at 6, 14-19, 25-26, 28-30, 32-33, 39-40, 42. As a result, plaintiff did not sufficiently assert the personal involvement necessary to state a claim against Beard and his claim fails and should be dismissed.

V. Claims for Which a Response Will Be Required

A. Retaliation

Inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights. See Watison v. Carter, 668 F.3d 1108, 1115 (9th Cir. 2012) (allegation that officers filed false disciplinary complaint and made false statements in retaliation for filing grievances stated a claim); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (allegedly adverse action does not have to be an independent constitutional violation). Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-

4

32 (9th Cir. 1985); see also Pratt, 65 F.3d at 806.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000); Barnett; 31 F.3d at 815-16). "Speech can be chilled even when not completely silenced." Id. at 568. As a result, a plaintiff "does not have to demonstrate that his speech was 'actually inhibited or suppressed.'" Id. at 569 (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)). In addition, plaintiff does not have to allege a chilling effect so long as he alleges he suffered some other harm, like a retaliatory, adverse action. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 567 n.11).

In this case, plaintiff has made claims of retaliation against Weeks and Arana. ECF No. 1 at 6-8. He asserts that he filed complaints against Weeks, and two of the attached letters support an inference that Weeks had knowledge of the complaints. Id. at 8, 25, 32-33. Plaintiff alleges that because of his attempts to address Weeks' conduct, Weeks retaliated against him by searching his cell with two other officers, getting Arana to falsely state that two gallons of inmate manufactured alcohol were found, and confiscating his property. Id. at 6, 14-16, 28-29, 32-33. These allegations are sufficient to state a retaliation claim against Weeks.

Plaintiff's claims against Arana also sufficiently allege all five factors of a retaliation claim. He states that even though Arana knew there was no inmate manufactured alcohol in his cell, Arana filed a Rules Violations Report (RVR) which falsely alleged that he had found alcohol and its presence was verified by a third officer. Id. at 7, 20-21. Although plaintiff fails to allege any kind of connection between Weeks and Arana in the body of the complaint, one of his attached letters about the incident indicates that Weeks and Arana searched his cell together. Id. at 28-29. It can be reasonably inferred that plaintiff would not have been written up on wholly fictitious charges absent some improper motive like retaliation. Given the proximity in time, it

5

can further be inferred that Weeks told Arana about the complaints and that Arana was acting in response to that protected conduct. For that reason, at the screening stage, plaintiff has sufficiently alleged a cognizable retaliation claim against Arana.

        B. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)) (internal quotation marks omitted), and an actual deprivation of constitutional rights as a result of the alleged conspiracy, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Woodrum, 866 F.2d at 1126; Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Courts in the Ninth Circuit have required that for a plaintiff "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns, 883 F.2d at 821 (citation omitted); Woodrum, 866 F.2d at 1126. The "agreement" or "meeting of the minds" may be inferred with circumstantial evidence like the actions of defendants. Mendocino Envtl. Ctr., 192 F.3d at 1301 (citation omitted). "For example, a showing that [defendants] have committed acts that 'are unlikely to have been undertaken without an agreement'" may support the inference of a conspiracy. Id. (citation omitted).

Here, plaintiff's allegations of conspiracy state a claim upon which relief can be granted.

Plaintiff asserts that Weeks conspired with Arana in retaliation for the complaints he lodged by searching his cell, seizing property and paperwork, and writing him up on false charges. ECF No. 1 at 7. Since Weeks and Arana searched allegedly plaintiff's cell together and the charges in the RVR were patently false, it can be inferred that the filing of false charges could not have been accomplished without some sort of agreement between the defendants. Furthermore, as set forth above, plaintiff has sufficiently alleged that the motive was retaliation. Therefore, plaintiff has sufficiently alleged a conspiracy between Weeks and Arana.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims for plaintiff's lost property or against defendant Beard. However, it appears that plaintiff may be able to allege facts to remedy these defects and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Weeks and Arana on his claim that they conspired to retaliate against him and did in fact retaliate against him or he may delay serving any defendant and amend the complaint to attempt to state cognizable claims for property loss and against defendant Beard.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Weeks and Arana without amending the complaint, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the property loss claims and claims against defendant Beard.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

or connection between a defendant's actions and the claimed deprivation. Id. (quoting Johnson, 588 F.2d at 743-44). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Your retaliation and conspiracy claims against Arana and Weeks are supported by the necessary allegations and may proceed. However, your claim against defendant Beard fails because you did not show that Beard had knowledge of the harassment and retaliation at a time when he could have intervened. Your property claim also fails and is dismissed because you have not shown that defendants (1) were acting under authority of some kind of policy, and (2) acted with intent to deprive you of your property. You can either proceed now on the claims for retaliation and conspiracy against Weeks and Arana, and drop your other claims, *or* you can amend your complaint to provide more information that would support your property claims and claims against Beard for failing to intervene.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the

original complaint.  **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's property claims and claims against defendant Beard are dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately on his retaliation and conspiracy claims against defendants Weeks and Arana as set forth in Section V above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: July 13, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RUBEN RODRIGUEZ BERNAL, | No. 2:16-cv-2511 AC P |
|---|---|
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation and conspiracy claims against defendants Weeks and Arana without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his property claims and all of his claims against defendant Beard.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                  Ruben Rodriguez Bernal
Plaintiff pro se

1