1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUBEN RODRIGUEZ BERNAL,                     No.  2:16-cv-2511 AC P

12              Plaintiff,

13        v.                                     ORDER

14   JEFFREY BEARD, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court are plaintiff's motions to compel discovery from

19   defendant Weeks (ECF Nos. 19, 23), which defendant has opposed (ECF Nos. 20, 25).

20        I.    Plaintiff's Allegations

21        Plaintiff alleges that defendants Weeks and Arana conspired to retaliate and actually

22   retaliated against him for filing complaints against Weeks, by searching his cell, seizing property

23   and paperwork, and writing him up on fictious grounds.  ECF No. 1 at 6-8.

24        II.   Motions to Compel

25        Plaintiff has filed two motions to compel discovery from defendant Weeks: one to compel

26   further production of documents (ECF No. 19) and one to compel further responses to

27   interrogatories (ECF No. 23).  Defendant Weeks opposes the motion to compel further production

28   on the grounds that the plaintiff failed to indicate how defendant's responses are deficient and that

1

the responses were appropriate and the objections well founded.  ECF No. 20.  He opposes the motion to compel further responses to interrogatories on similar grounds.  ECF No. 25.

A.     Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33 or fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may move for compelled disclosure.  Fed. Civ. P. 37(a).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of showing why discovery was denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

B.      Requests for Production

On January 5, 2019,[1] plaintiff filed a motion to compel the production of documents from defendant Weeks. ECF No. 19. While neither party has provided a copy of the original requests, plaintiff asserts that they were served on November 15, 2018 (ECF No. 24 at 1), while defendant claims they were mailed on November 19, 2018 (ECF No. 20 at 1). Weeks served his responses to the requests on January 8, 2019. ECF No. 20 at 43.

Plaintiff's motion simply lists his requests for production without addressing how Weeks' responses to the requests were deficient. ECF No. 19. Based on plaintiff's reply and the dates provided by the parties during briefing, it is clear that plaintiff had not yet received defendant's responses at the time he filed the motion. Defendant opposes the motion to compel on the ground that it fails to identify how his responses are deficient (ECF No. 20), and in reply, plaintiff once again fails to identify any deficiencies other than to claim that the responses were untimely (ECF No. 24).

Responses to discovery requests were due forty-five days after the date of service (ECF No. 17 at 4, ¶ 2), and defendant was entitled to an additional three days after the forty-five-day deadline expired because plaintiff's requests were served by mail, Fed. R. Civ. P. 6(d). Accordingly, contrary to defendant's assertion, his responses to plaintiff's requests for production were untimely because regardless of whether the requests were served on November 15 or November 19, 2018, responses were due by January 7, 2019.[2]

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

[2] Rule 6(d) extends a deadline three days from "after the period would otherwise expire under Rule 6(a)." When a deadline expires on a Saturday, Sunday, legal holiday, or day when the Clerk's Office is inaccessible, it is extended until the first accessible day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C), (a)(3)(A). The forty-fifth day after November 15, 2018, fell on Sunday, December 30, 2018. Because the Clerk's Office was closed on December 31, 2018, rendering it inaccessible, Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 747 (9th Cir. 2001) (clerk's office inaccessible when officially closed despite availability of after-hours drop box), and January 1, 2019, was a legal holiday, the deadline for submitting responses expired on Wednesday, January 2, 2019. The additional three days (continued)

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981)). However, because defendant's responses and objections were only one day late, and the lateness appears to have been the result of a calculation error given counsel's belief that his responses were timely, good cause exists to find that defendant's objections were not waived.

In any case, plaintiff's motion to compel was prematurely filed before defendant's deadline for responding to the requests. Plaintiff's reply, which acknowledged that he had since received defendant's responses, failed to identify any specific deficiencies with any of the responses or objections contained therein. ECF No. 24.

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

<u>Waterbury v. Scribner</u>, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008).

Although plaintiff has failed to make any specific assertions, the court has reviewed defendant's responses to the requests. Review of the responses demonstrates that defendant appears to have produced all documents requested in response to requests 3 through 7[3] and 14, with only minor redactions that are not material. ECF No. 20 at 7-8, 11, 28-35. He also appears to have provided operational procedures responsive to Request 1, to the extent procedures responsive to the request exist, and appropriately objected to Request 12 on the ground that it

---

extended the deadline to Saturday, January 5, 2019, resulting in a further extension until Monday, January 7, 2019. The forty-fifth day after November 19, 2018, fell on Thursday, January 3, 2019, and the additional three days extended the deadline to Sunday, January 6, 2019, resulting in a further extension to January 7, 2019.

[3] Defendant's responses to the request for production show that Request 7 was duplicative of Request 5 and sought the staff roster for the B yard program office on July 11, 2015 (ECF No. 20 at 7-8), while plaintiff's motion to compel represents that Request 7 sought the roster for the B yard main yard (ECF No. 19). Regardless, the rosters produced clearly include the information sought by both versions of Request 7. ECF No. 20 at 28-35.

related to staff complaints against defendant Arana, who is represented by separate counsel and whose records are not available to Weeks. Id. at 5-6, 9-10. The motion will therefore be denied as to these requests and the court will turn to the remaining requests.

> **Request for Production No. 2:** Inmate housing roster for High Desert State Prison "B" Yard date 11 July 2015.
>
> (A) B4 Housing Unit A section, (Names and CDC Numbers)
>
> (B) B4 Housing Unit B section, (Names and CDC Numbers)
>
> (C) B4 Housing Unit C section, (Names and CDC Numbers)
>
> **Response:** Responding party objects to this request on the grounds that it seeks information regarding other inmates which is deemed confidential under the California Civil Code, section 1798.24, and the California Code of Regulations, title 15 section 3370, subsection (b). Responding party further objects to this request on the grounds that it is overly broad and overly burdensome. Moreover, this request is not proportional to the needs of this case or important to resolving the matters at issue. Plaintiff was only housed in Unit 4 of Facility B, thus, inmates in the other sections would not have information relevant to the claims or defenses in this matter. Based upon these objections, Responding Party will not respond to this request.

Defendant's objection as to overbreadth is well taken. The allegedly retaliatory search that forms the basis of this complaint took place in plaintiff's cell. Accordingly, inmates in other housing units would not likely have any first-hand knowledge regarding the incident. With respect to the roster for inmates housed in the same housing unit, the confidentiality provisions defendant cites merely prevent his disclosure of such information without a court order. However, the court does not find that plaintiff has demonstrated such an order is warranted. Nothing in the complaint indicates that any inmate other than plaintiff's cellmate at the time, whose identity he already knows, would have information relevant to the claims. Furthermore, plaintiff has not shown that his need for this information overcomes the privacy and potential safety concerns associated with providing him with the housing location for other inmates. The motion as to this request will therefore be denied.

> **Request for Production No. 8:** copies of all document germaine [sic] to staff's complaint by LTA (Library Technician Assistant) Davis from 13 May 2015 to 15 July 2015, including but not limited to video tape interview, reports, referral, and finality of investigation.

**Response:** Responding party objects to this request on the grounds that staff complaints are deemed confidential pursuant to Title 15 of the California Code of Regulations, § 3084.9(i)(3)(B)(1). See attached privilege log. Without waiving this objection, any non-confidential information regarding staff complaints made by LTA Davis that involve Plaintiff, if they exist, would be contained in Plaintiff's central file, which is available for inspection and copying in accordance with institutional policies and procedures. Plaintiff should contact his Correctional Counselor to set a time to review his central file.

Neither party has provided a copy of the privilege log provided to plaintiff such that the court can evaluate its sufficiency. Furthermore, while the nature of the staff complaint(s) defendant appears to have identified in response to this request is unclear, any staff complaint related to the alleged retaliation by defendant Weeks that forms the basis of the complaint in this action would be highly relevant and favor disclosure subject to protective measures. This request will therefore be partially granted to the extent that defendant shall be required to file a copy of the privilege log provided to plaintiff in response to this request. If, as it appears, defendant is attempting to invoke the official information privilege[4] to prevent disclosure, he may provide a supplemental response to that effect that must include an affidavit from an official of the agency in control of the materials sought.

The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

////

---

[4] "Federal common law recognizes a qualified privilege for official information." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990) ("Government personnel files are considered official information."). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." <u>Sanchez</u>, 936 F.2d at 1033-34. "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." <u>Doubleday v. Ruh</u>, 149 F.R.D. 601, 609 (E.D. Cal.1993).

<u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting <u>Kelly v. City of San</u>

<u>Jose</u>, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

> **Request for Production No. 9:** copies of all document germane to staff complaint HDSP-B-15-0858, TLR Case No: 1501855 from date 15 July 2015 including but not limited to video taped interview, reports, referral, and finality of investigation.
>
> **Response:** Responding party objects to this request on the grounds that staff complaints are deemed confidential pursuant to Title 15 of the California Code of Regulations, § 3084.9(i)(3)(B)(1). See attached privilege log. Moreover, this request is irrelevant to the claims or defenses in this matter as the above-referenced matter pertains to Defendant Arana. Without waiving these objections, non-confidential information regarding Plaintiff's allegations against Defendant Weeks is maintained in Plaintiff's central file, which is available for inspection and copying in accordance with institutional policies and procedures. Plaintiff should contact his Correctional Counselor to set a time to review his central file.

Although defendant objects, in part, on the ground that the requested documents relate to the claims against defendant Arana, attachments to the complaint reveal that the appeal referenced also included allegations of retaliation against Weeks. ECF No. 1 at 39-40. Accordingly, the motion will be granted as to this request for the same reasons and to the same extent as it is being granted as to Request 8.

> **Request for Production No. 10:** Copies of all document germane to staff complaint in these matters from Captain Gamberg date 13 May 2015 to 15 July 2015 but not limited to video taped interview, reports, referral, and finality of investigation.
>
> **Response:** Responding party objects to this request on the grounds that the request is overly broad in that the request encompasses any and all staff complaints between May 15 and July 15, 2015, and on the grounds that staff complaints are deemed confidential pursuant to title 15 of the California Code of Regulations, § 3084.9(i)(3)(B)(1). See attached privilege log. Non-confidential information regarding Plaintiff's allegations against Defendant Weeks is maintained in Plaintiff's central file, which is available for inspection and copying in accordance with institutional policies and procedures. Plaintiff should contact his Correctional Counselor to set a time to review his central file.
>
> **Request for Production No. 11:** Copies of all document germane to staff complaint in these matters but not limited to video taped interview, reports, referral, and finality of investigation, of Weeks correctional officer.

7

1

**Response:** Responding party objects to this request on the grounds that staff complaints are deemed confidential pursuant to Title 15 of the California Code of Regulations, § 3084.9(i)(3)(B)(1). See attached privilege log. Non-confidential information regarding Plaintiff's allegations against Defendant Weeks is maintained in Plaintiff's central file, which is available for inspection and copying in accordance with institutional policies and procedures. Plaintiff should contact his Correctional Counselor to set a time to review his central file.

The motion will be granted as to Requests 10 and 11 for the same reasons and to the same extent as it is being granted as to Request 8.

**Request for Production No. 13:** All Staff Complaints, grievances, and civil suits against defendants for policy and procedure violations, moral turpitoude [sic], use or attempt to use excessive force, PREA, false reporting, Lying, including but not limited to civil or criminal complaints or administrative citation, regardless of what the outcome was.

**Response:** Responding party objects to this request on the grounds that it is vague as to time, overly broad in that it is not limited to time, and seeks documents that are irrelevant to the claims or defenses in this matter, specifically documents related to sexual assault, use of force, false reporting, lying or criminal complaints made by other inmates. The claims against Defendant Weeks are based solely on Plaintiff's claim of retaliation. Responding party further objects to this request on the grounds that it is not proportional to the needs of the case, or important to resolving the issues of this case; and the request for Prison Rape Elimination Act (PREA) documents seeks documents that are privileged under both state and federal law as they seek information regarding sexual assault allegations made by other prisoners. Based upon these objections, Responding Party will not respond to this request.

Defendant's objections to Request 13 are well taken. Not only is the request for production unlimited as to time, but it seeks complaints on issues well outside the scope of the type of conduct at issue in this case and plaintiff has failed to specifically challenge this response. The motion will therefore be denied as to this request.

**Request for Production No. 15:** due to this case involves falsifying reports, failure to report, the confiscation of property as retaliation and punishment of plaintiff Bernal for exercising a First Amendment to be protected class, Plaintiff respectfully request the defendants complete personell [sic] files and any and all complaints, grievances, court actions filed against the named defendants, <u>no</u> state code or privileges apply to this federal case, (established by Jones v. Clinton 36 F. Supp 2d, 1118).

8

**Response:** Responding party objects to this request on the grounds that personnel files of peace officers are privileged under state law, the request is overly broad as to time and subject matter as the only claim against Defendant Weeks is one for retaliation, and the request seeks information that is equally available to Plaintiff through the courts and the courts' websites. Based upon these objections, Responding Party will not respond to this request.

Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993)); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992). However, plaintiff has not demonstrated that production of defendant's entire personnel file is warranted. The motion to compel will therefore be granted only in part. Defendant will be required to provide plaintiff with any complaints, grievances, court actions, and administrative citations contained in his personnel file that involve the alleged conduct that forms the basis for this action. If defendant wishes to assert a privilege as to any responsive documents in addition to those already contained in his privilege log, he may supplement his privilege log accordingly and provide a supplemental response asserting the privilege along with the necessary affidavit in support of the privilege.

C.    Request for Interrogatories

Plaintiff's motion to compel further responses to his interrogatories sets out each of his interrogatories, but does not provide defendant's responses and largely fails to provide any specific deficiencies with the responses. ECF No. 23. However, the motion does argue that defendant had no grounds for refusing "to name other officers who had conducted a search in the 'B' Yard library, and the names of other officers who conducted a 'special' search/inspections (3257(3), Title 15) of Plaintiff's cell, and to produce the documents." Id. at 5. These claims appear to be in reference to Interrogatories 2, 3, and possibly 7. Id. at 2-4. Defendant opposes the motion on the grounds that his responses are sufficient, the objections are well founded, and plaintiff has not adequately explained how his responses are deficient. ECF No. 25 at 1-3. Plaintiff's reply further asserts that defendant Weeks' responses are "broad" and are an attempt to

////

9

"delay justice," but fails to specifically identify any interrogatories other than Interrogatory 7. ECF No. 26 at 2-3.

With respect to Interrogatories 1, 4, 5, and 6, which plaintiff has not raised any specific issues with, defendant's responses are sufficient. In response to Interrogatory 1, which sought a statement of defendant's duties as a correctional officer along with any documents setting forth his job description, defendant thoroughly described his duties and provided a copy of the State Personnel Board Specifications for Correctional Officers. ECF No. 25 at 6-7. In response to Interrogatories 4 and 6, which sought the procedures for searches and reporting staff misconduct along with any documents setting out those procedures, defendant directed plaintiff to the responsive sections of the California Code of Regulations, which is available to plaintiff in the prison library. Id. at 7-8. Finally, defendant reasonably objected to Interrogatory 5 as unintelligible. In Interrogatory 5, plaintiff requests that defendant

> [s]tate the procedure in effect during the 11 of July 2015 at High Desert State Prison "B" Yard, for correction officer's must follow, Report such as "Post Order" and Train, read and report of daily occurrences in "B" Yard. If these procedures are set forth in any policy directive, or other document, produce the document(s): "Daily Activity Report" "and Post Order."

Id. at 8. While it appears possible that plaintiff may have been requesting procedures for reporting incidents on the yard, it also appears that he could have been requesting procedures related to other situations and defendant should not be required to speculate as to what information plaintiff is seeking. The motion will therefore be denied as to Interrogatories 1, 4, 5, and 6. The court will now turn to Interrogatories 2, 3, and 7, which plaintiff appears to have addressed at least in part.

> **Interrogatory No. 2:** State the names, titles and duties of all staff members who had responsibility to search the library in "B" Yard on the 11 of July 2015. If those duties are set forth in any job description or other documents produce the document(s).
>
> **Response to Interrogatory No. 2:** Any staff member has the authority and the responsibility to search the library if they feel it is necessary to do so. The procedures for cell, property, and body inspections is set forth in the California Code of Regulations, title 15, § 3287. A copy of Title 15 is maintained in the prison's libraries,

10

and is available for inspection and copying in accordance with the institution's policies and procedures.

Plaintiff's claim that the response is deficient because it does not provide the names of other officers who conducted searches on July 11, 2015, is without merit. As worded, the request does not seek the names of those who actually conducted searches. However, even construing the request liberally to seek the names of the officers who actually conducted searches on July 11, 2015, plaintiff's claims of deficiency also fail. The allegations in the complaint deal with the search conducted in plaintiff's cell by defendants Weeks and Arana. ECF No. 1. Plaintiff has not established, nor can the court identify, the relevancy of the identities of officers who searched the library that day. Therefore, the motion as to this request will be denied.

> **Interrogatory No. 3:** State the names, titles and duties of all staff members who had responsibility to conduct a special search of quarters, "B" Yard Building 1 (one) and "B" Yard Building 4 (four), following a search of the "B" Yard library on the 11 of July 2015. If those duties are set forth in any job description or other document produce the document(s).

> **Response to Interrogatory No. 3:** Responding party objects to this request on the grounds that it is ambiguous as to the term "special search." Without waiving this objection, any member of the correctional staff may conduct a cell search. The procedures for cell, property, and body inspections is set forth in the California Code of Regulations, title 15, § 3287. A copy of Title 15 is maintained in the prison's libraries, and is available for inspection and copying in accordance with the institution's policies and procedures.

Plaintiff argues that the response to Interrogatory 3 is deficient for the same reasons as he claims Interrogatory 2 is deficient. However, his claims as to this interrogatory fail for the same reasons. Even if the court liberally construes the interrogatory, plaintiff has not established how information regarding staff involved in searching B Yard Buildings One and Four is relevant. The motion will therefore be denied as to Interrogatory 3.

> **Interrogatory No. 7:** Correction Officer R. Weeks, have you previously or after this incident, been accused of use of excessive force, retaliation, perjury, falsifying reports, being untruthful on a staff complaint, civil or criminal case or administrative Process? If yes,

> (a) Name case and number.

////

11

(b) Provide all relevant information, regardless of out come, including but not limited to internal Affairs, Office of Inspector General reports, and other investigative files.

(c) Please provide copies of post-order, Log Book, for "B" Yard Building 4 (four), 2nd and 3rd Watch, on May 2015 to July 2015 (Daily Activity Report).

**Response to Interrogatory No. 7:** Responding party objects to this request on the grounds that it is overly broad as to subject matter as the allegations against responding party are limited to retaliation against Plaintiff, is vague as to time, seeks documents in response to a request for interrogatory, and seeks information that is equally available to Plaintiff as Court records are available for review by the public. Without waiving these objections, I have been accused of falsifying a document regarding an inmate's television, however, that allegation was not sustained. Documents responsive to this request contain information regarding other inmates, and are deemed confidential under prison regulations and state law.

Defendant's objection regarding the scope of the interrogatory is well taken as the subject matter of the request far exceeds the issues presented to the court in this case. Furthermore, the second and third portion of the interrogatory are essentially nothing more than requests for documents, which are inappropriate in an interrogatory. Defendant has answered plaintiff's interrogatory as it relates to accusations of falsifying reports or being untruthful on a staff complaint, which is the appropriate scope of the interrogatory. Additionally, subpart (b) of the interrogatory is essentially duplicative of Request for Production 15, which has been addressed above, and plaintiff was provided the Daily Activity Report for July 11, 2015, in response to Request for Production 14. Plaintiff fails to explain what relevant information he seeks to obtain from the other documents requested, and the motion will be denied as to Interrogatory 7.

III.    Conclusion

Plaintiff's motion to compel further production of documents is granted in part as to Requests 8, 9, 10, 11, and 15. The motion to compel further responses to interrogatories is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further production of documents from defendant Weeks (ECF No. 19) is granted in part as to Requests for Production 8, 9, 10, 11, and 15, as set forth above. The motion is denied in all other respects.

2. With respect to Requests for Production 8, 9, 10, and 11, within fourteen days of the service of this order, defendant Weeks must file his privilege log and, if applicable, a supplemental response asserting the official information privilege and any affidavits required to support the privilege asserted.

3. With respect to Request for Production 15, within fourteen days of the service of this order, defendant Weeks must either (1) provide plaintiff with any complaints, grievances, court actions, and administrative citations contained in his personnel file that involve the alleged conduct that forms the basis of this action or (2) if he seeks to assert a privilege as to any responsive documents, he must supplement his privilege log accordingly and provide a supplemental response asserting the privilege along with any necessary affidavits in support of the privilege.

4. Plaintiff's motion to compel further responses to his interrogatories (ECF No. 23) is denied.

DATE: October 25, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE