UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RODRIGUEZ BERNAL,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | No. 2:16-cv-2511 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel discovery from defendant Arana (ECF No. 40), which defendant has opposed (ECF No. 41).

I. <u>Plaintiff's Allegations</u>

Plaintiff alleges that defendants Weeks and Arana conspired to retaliate, and actually retaliated against him, for filing complaints against Weeks. Plaintiff alleges that they retaliated by searching his cell, seizing property and paperwork, and writing him up on fictious grounds. ECF No. 1 at 6-8.

II. <u>Motion to Compel</u>

Plaintiff's motion seeks to compel further responses to interrogatories. ECF No. 40. Defendant Arana opposes the motion to compel on the grounds that plaintiff failed to meet and confer regarding the disputes prior to filing his motion, and that his claims of deficiency are unintelligible and insufficient. ECF No. 41.

1

A. Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

A. Failure to Meet and Confer

Defendant argues that the motion to compel should be denied because plaintiff failed to comply with the requirement to meet and confer under Federal Rule of Civil Procedure 37(a) and

Local Rule 251. ECF No. 41 at 2. The scheduling order issued by the court explicitly excused the parties from the requirements of Local Rule 251. ECF No. 35 at 5, ¶ 5. Furthermore, while it is true that the requirement outlined in Rule 37(a) has not been explicitly excused, and the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because of plaintiff's pro se, incarcerated status, it will not be enforced here and will not provide grounds for denying the motion.

B. Request for Interrogatories

Plaintiff's motion to compel seeks to compel further responses to Interrogatories 2, 3, 4, and 6, ECF No. 40, which will each be addressed in turn.

> **Interrogatory No. 2:** State the names, titles and duties of all staff members who had responsibility to conduct a special search of quarters, "B" yard library on the 11 of July 2015, if those duties are set forth in any job description or other documents produce the document's [sic].
>
> **Response to Interrogatory No. 2:** Objection. The term "special search" is vague. Without waiving this objection, any member of the correctional staff may conduct a cell search. The procedures for cell, property, and body inspections is set forth in the California Code of Regulations, title 15 § 3287, a copy of the present version of that code is attached hereto. The remainder of title 15 should be maintained in the prison's libraries, and is available for inspection and copying in accordance with the institution's policies and procedures.

ECF No. 40 at 2.

Plaintiff alleges the response is deficient because Arana searched plaintiff's cell and left his post to do so and was in one of the two groups that searched the cells on July 11, 2015. Id. at 2-3. These allegations do not identify a deficiency with the response, particularly in light of the fact that Arana's opposition to the motion further clarifies his response by stating that he "is not of the opinion that specific staff were responsible for the cell searches in B yard on July 11, 2015, but rather than any member of the correctional staff could properly conduct such a search." ECF No. 41 at 3. To the extent plaintiff may be attempting to obtain the names of those who actually conducted the searches, that is not the information requested, nor does the information regarding who searched other inmates' cells appear to be relevant, since the allegations in the complaint deal with the search conducted in plaintiff's cell by defendants Weeks and Arana. Plaintiff has

3

not established, nor can the court identify, the relevance of the identities of officers who searched other inmates' cells that day. Therefore, the motion as to this request will be denied.

> **Interrogatory No. 3:** State the procedure in effect and the criteria during the 11 of July 2015 special search of quarters following the search of plaintiff's work areas, if these procedures are set forth in any job description, policy, directive, or other document, produce the document/s.
>
> **Response to Interrogatory No. 3:** Objection. The term "special search" is vague. Without waiving this objection, any member of the correctional staff may conduct a cell search. The procedures for cell, property, and body inspections is set forth in the California Code of Regulations, title 15, § 3287, a copy of the present version of that code is attached hereto. The remainder of title 15 should be maintained in the prison's libraries, and is available for inspection and copying in accordance with the institution's policies and procedures.

ECF No. 40 at 3-4.

Plaintiff states that the response is deficient because "[t]he definition of criterion is, 'a standard on which a judgment may be based'" and "[i]n this case, 'what' initiated the cell's special search; with, (what), being the criterion." ECF No. 40 at 4. It appears that plaintiff may be alleging that the response is deficient because it does not identify what triggered the search of his cell. However, that is not the question asked, and defendant provided plaintiff with a copy of the procedures for cell searches, as requested. The motion will be denied as to this request.

> **Interrogatory No. 4:** State the procedure in effect during the 11 of July 2015 at High Desert State Prion "B" Yard, for correctional officers must follow when property is confiscated, placed in the "Hot Room" and disposition notice of said property, if these procedures are set forth in any policy directive, or other document, produce the documents. ("Hot Room") term is defined by the following description, security 'hot room' for storage. Hill v. Hartley (2014) lexus 69271.
>
> **Response to Interrogatory No. 4:** Objection. The interrogatory is vague and unintelligibly phrased. Confiscation and disposition procedures may depend on the type of property confiscated. The procedures are, at least in part, set forth in the Department Operations Manual ("DOM"). See, e.g. DOM § 520101.1 et seq. related to controlled substances; DOM § 52050.1, et seq. related to arrest, search and seizure, DOM § 25051.1 et seq. related to disposition of contraband. The remainder of the DOM should be maintained in the prison's libraries, and is available for inspection and copying in accordance with the institution's policies and procedures. Given the sheer size and lack of clear understanding of what demanding party

4

seeks, responding party should review the applicable provisions of
the DOM in the prison's libraries.

ECF No. 40 at 4-5.

Plaintiff argues that the response is deficient because this case involves the confiscation of his property and the placement and storage of said property "is part of the lack of disposition." ECF No. 40 at 5. However, the response indicates that the disposition of confiscated property depends upon the property confiscated, and plaintiff has not specified the type of property at issue. The response further directs plaintiff to the policies that appear the most likely to be relevant in this case, given that the confiscation took place as part of a cell search. Furthermore, this case deals with the allegedly retaliatory confiscation of plaintiff's property, and it is unclear how the proper storage of said property is relevant to the claim. The motion will therefore be denied as to this request.

> **Interrogatory No. 6:** Defendant J. Arana, have you previously or after this incident, been accused of use of excessive force, retaliation, perjury, falsifying reports, being untruthful on a staff complaint, civil or criminal case or administrative process? If yes,
>
> (a) Name case and number.
>
> (b) Provide all relevant information, regardless of outcome, including but not limited to internal affairs, office of inspector general report/s, and other investigative files.
>
> (c) Please provide all relevant information, copies of post-order, log book, for "B" Yard building 4 (four), 2nd and 3rd Watch, on the 11 of July 2015 Daily Activity Report.
>
> **Response to Interrogatory No. 6:** Objection. The interrogatory is vague as to time and fails to describe the desired documents/information with particularity. Further objection is made on the grounds that any other potentially responsive information is confidential by law (Cal. Code Regs., tit. 15 §§ 3321, 3370, and 3450) and could jeopardize the safety, security, and privacy of the prison, staff, or inmates if disclosed. Responding party also objects to the extent that this request seeks personal related information, investigative/deliberative process of files that are deemed to be official information and subject to privilege. See, e.g. Sanchez v. City of Santa Ana (9th Cir. 1990) 936 F.2d 1027, 1033, 1034. Objection is also made to the extent that the request seeks personnel information of defendant Arana during his tenure as a peace officer in violation California Penal Code Section 832.7 and 832.8. The request similarly implicates the privacy rights of defendant Arana and third parties, including other correctional officers and inmates. Further objection is made on the ground that the request seek

> documents irrelevant to the claims and defenses in this matter. Well outside the scope of plaintiff's First Amendment claim against Arana, finally, to the extent that defendant seeks PREA related documents, disclosure could violated the rights of other inmates in violation of the Health Insurance Portability Act, and California's Confidentiality of Medical Information Act.

ECF No. 40 at 6-7.

Defendant's objection regarding the scope of the interrogatory is well taken as the subject matter of the request far exceeds the issues presented to the court in this case. The appropriate scope of the interrogatory is any claims against Arana dealing with retaliation, perjury, falsifying reports, and being untruthful on a staff complaint, civil or criminal case, or administrative process. The court also notes that although the second and third portions of the interrogatory request documents, which is inappropriate in an interrogatory, defendant has not objected on this ground. However, even if defendant had objected on such ground, in light of plaintiff's pro se, incarcerated status, subparts (b) and (c) will be liberally construed as requests for production.

Defendant also objects to the request on the basis of the official information privilege and privacy concerns. "Federal common law recognizes a qualified privilege for official information. Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted). "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993). Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993)).

A party claiming that information is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to

assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).  In addition to a privilege log, a party seeking to invoke the official information privilege and prevent disclosure must submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns:

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

Soto, 162 F.R.D. at 613 (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

So far as the court can tell, defendant Arana has not complied with his obligation to prepare a proper privilege log to assert his claims of privilege, nor has he provided the necessary accompanying affidavit. This general invocation of the privilege, without meeting any of the requirements for its application, is insufficient. Furthermore, such general assertions of privilege fail to convince the court that redaction would not sufficiently address privacy and security concerns in this instance.

Based on the foregoing, plaintiff's motion to compel will be granted to the extent that defendant Arana will be required to respond to subparts (a) and (b) of Interrogatory 6 and identify any complaints, grievances, court actions, and administrative citations against him, of which he is aware, for retaliation, perjury, falsifying reports, or being untruthful on a staff complaint, civil or criminal case, or administrative process. He will also be required to produce redacted copies of any complaints, grievances, court actions, and administrative citations, along with any related reports or investigations. Defendant may redact identifying information of other inmates, which the court recognizes may extend beyond the names and CDCR numbers of those inmates. Defendant will not be required to respond to subpart (c), as plaintiff has been previously provided a copy of the daily activity report by defendant Weeks and has failed to explain what relevant information he seeks to obtain from the other documents requested.

7

III. Conclusion

Plaintiff's motion to compel further responses to interrogatories is denied as to Interrogatories 2, 3, and 4, and is partially granted as to Interrogatory 6. Because this order directing further responses to plaintiff's discovery request may result in the disclosure of additional documents that would be material to plaintiff in opposing a motion for summary judgment, the December 27, 2019 pretrial motion deadline will be vacated and re-set once the discovery here ordered has been completed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel further response to his interrogatories from defendant Arana (ECF No. 40) is granted in part as to Interrogatory 6, as set forth above. The motion is denied in all other respects.

2. Within fourteen days of the service of this order, defendant Arana must provide supplemental responses to Interrogatory 6, as set forth above.

3. Plaintiff may file a motion for sanctions within forty-five days of the service of this order if defendant fails to respond to the discovery request as ordered.

4. The December 27, 2019 pretrial motion deadline is vacated and will be re-set after the pending discovery has been completed.

DATED: December 16, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE