UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RODRIGUEZ BERNAL, <br><br>Plaintiff, <br><br>v. <br><br>JEFFREY BEARD, et al., <br><br>Defendants. | No. 2:16-cv-2511 AC P <br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to compel discovery. ECF No. 46.

According to the motion to compel, which was filed on January 29, 2020,[1] plaintiff sent seven requests for admission to defendant Weeks "on or about the 22nd of December." ECF No. 46 at 2. Weeks responded to each of plaintiff's requests for admission by objecting that the requests were untimely. Id. at 2-5. Plaintiff seeks to compel Weeks to respond to his requests for admission. Id. As addressed below, both the requests and the motion are untimely, and the motion will therefore be denied.

////

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

On October 15, 2018, a discovery and scheduling order was issued in this case as to defendant Weeks.[2] ECF No. 17 at 1, 5. The order provided that

> [t]he parties may conduct discovery until **February 1, 2019**. Any motions necessary to compel discovery shall be filed by **February 1, 2019**. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **December 3, 2019**.

Id. at 5 (emphasis in original).

The order clearly contained a typographical error and should have stated that requests for discovery were to be served no later than December 3, **2018**.[3] However, even if plaintiff mistakenly believed that the deadline for requests for admission was December 3, 2019, he allowed this deadline to pass before he sent his requests for admission nearly three weeks later. Plaintiff's motion to compel was also untimely, as it was filed nearly one year after the deadline for doing so had passed. Plaintiff appears to rely in part on the court's December 17, 2019 order vacating the December 27, 2019 pretrial order deadline as justification for his late discovery and motion. See ECF No. 46 at 2. However, that order is inapplicable because the deadline was for summary-judgment motions between plaintiff and defendant Arana, not for discovery and discovery related motions between plaintiff and defendant Weeks.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel, ECF No. 46, is DENIED.

DATED: February 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] A separate discovery and scheduling order was issued as to defendant Arana. ECF No. 35.
[3] It would be impossible for discovery to close in February 2019 if parties could continue to request discovery for months after until December 2019.

2